# EXHIBIT A

## **DECLARATION OF KAZIM MOHAMMED**

I, Kazim Mohammed, agree that the following statements are true and correct:

1. I was married to Melissa Mohammed at the time of her death.

2. Melissa Mohammed had three (3) living children at the time of her death: Tyson Wilson, Jasmine Mohammed and Aaron Mohammed.

3. I am the biological father and legal guardian of Jasmine Mohammed and Aaron Mohammed and the legal guardian of Tyson Wilson.

4. At the time of executing this declaration, Tyson Wilson is fifteen (15) years old.

5. At the time of executing this declaration, Jasmine Mohammed is eleven (11) years old.

6. At the time of executing this declaration, Aaron Mohammed is eight (8) years old.

7. Subsequent to the death of my wife, Melissa Mohammed, I hired the law firms of HEYGOOD, ORR & PEARSON and and FERRER, POIROT & WANSBOROUGH, P.C. (collectively "Lawyers") to represent me and my children as legal counsel for any claims we may have against the manufacturers of the fentanyl patch that Melissa Mohammed was prescribed at the time of her death. In doing so, I agreed to pay such Lawyers an attorney's fee equal to forty percent (40%) of any recovery obtained prior to the entry of a judgment plus reimburse such Lawyers for any expenses incurred by the Lawyers during their handling of the lawsuit against the manufacturers of the fentanyl patch Melissa Mohammed was prescribed at the time of her death.

8. On February 23, 2010, the Lawyers, on my behalf, brought a lawsuit alleging various causes of action against WATSON PHARMACEUTICALS, INC., WATSON

LABORATORIES, INC., a Nevada corp., WATSON LABORATORIES, INC., a Delaware corp., and WATSON PHARMA, INC. (collectively "Watson") alleging a fentanyl patch manufactured and sold by the Watson Defendants caused the death of my wife, Melissa Mohammed ("Lawsuit"). They did so with my knowledge and permission and on my behalf.

9. In consultation with and on my behalf, in early December 2012, the Lawyers entered into a settlement agreement with Watson ("Settlement") which settled all claims in the Lawsuit. With limited exception, the terms of the Settlement are confidential and cannot be shared with persons and/or entities not a party to the Settlement.

10. I am familiar with and have knowledge of the terms of the Settlement.

11. I understand that a hearing has been set for March 28, 2013 in which the Court will examine the terms of the Settlement and determine if the Settlement should be approved, including as it relates to the settlement of claims alleged on behalf of or for the benefit of Jasmine Mohammed and Aaron Mohammed and Tyson Wilson ("Settlement Approval Hearing").

12. I understand that I, and the children of Melissa Mohammed, have a right to attend the Settlement Approval Hearing in person. I also understand that the Court has agreed that, if we were unable to personally attend the Settlement Approval Hearing but still wanted to participate in such, we may do so via video conferencing and/or telephone.

13. I do not desire to attend and/or participate in the Settlement Approval Hearing, and I hereby waive any right that I may have to attend and/or participate in such. In the

event the Court determines that it is necessary that I participate in the Settlement Approval Hearing, I will be available via telephone to speak with the Court at the time of the hearing. I will provide my attorneys with information regarding the number at which I can be reached during the scheduled hearing time.

14. I entered into the Settlement knowingly, voluntarily and of my own free will.

15. I approve of the terms of the Settlement and I believe the Settlement is in the best interest of the children of Melissa Mohammed, including Jasmine Mohammed and Aaron Mohammed, and Tyson Wilson.

16. I am familiar with and knowledge as to how the proceeds of the Settlement are to be distributed.

17. I understand that the Lawyers are owed a fee equal to forty (40%) of the total settlement amount. I agreed to pay such fee when I originally hired the Lawyers. I believe such fee is reasonable and I understand that I owe such fee upon the distribution of the Settlement proceeds.

18. I understand that, in addition to attorney's fees, at the time of the distribution of the Settlement proceeds, I owe the Lawyers reimbursement for the expenses that have been incurred in connection with the Lawsuit. I have been provided an itemization of the expenses that have been incurred by the Lawyers and believe such expenses are reasonable and understand that I owe reimbursement of such expenses.

19. I understand that the net proceeds from the Settlement to be distributed to the children of Melissa Mohammed, Jasmine Mohammed, Aaron Mohammed, and Tyson Wilson, will be utilized by the Watson Defendants to purchase guaranteed structured annuities for the benefit of Jasmine Mohammed, Aaron Mohammed, and

        Tyson Wilson. I agree with such and believe that having the Watson Defendants do so is in the best interest of Jasmine Mohammed, Aaron Mohammed, and Tyson Wilson.

20.     I ask the Court to approve and confirm the Settlement.

21.     I ask the Court to approve and confirm the distribution of the proceeds from the Settlement.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 16 MAR 13

                                                            Kazim Mohammed