UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: WATSON FENTANYL | ) | Case No. 1:12-cv-06296 |
| PATCH PRODUCTS LIABILITY | ) | |
| LITIGATION | ) | MDL No. 2372 |
| | ) | |
| | ) | Judge Matthew F. Kennelly |
| | ) | |
| | ) | This Document Relates To: |
| | ) | *Kazim Mohammed v. Watson* |
| | ) | *Pharmaceuticals, Inc., et al.*, |
| | ) | Case No. 1:12-cv-06320 |
| | ) | |

## ORDER APPROVING SETTLEMENT

Plaintiff Kazim Mohammed, individually and on behalf of the Estate of Melissa Mohammed and Tyson Wilson, a minor, Jasmine Mohammed, a minor, and Aaron Mohammed, a minor, filed this case in the United States District Court for the Middle District of Tennessee on February 23, 2010. Plaintiff is the surviving spouse of decedent Melissa Mohammed and the father and/or guardian of minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed. Kazim Mohammed, Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed are residents of the state of Tennessee.

The case was transferred to this Court on August 7, 2012, upon creation of *In Re Watson Fentanyl Patch Products Liability Litigation*, MDL 2372. Plaintiff's operative Complaint alleges that decedent, Melissa Mohammed, died as a result of her use of a generic fentanyl transdermal system patch product manufactured, marketed, and distributed by Defendants Watson Pharmaceuticals, Inc. ("WPI"), Watson Pharma, Inc. ("Watson Pharma"), Watson Laboratories, Inc., a Nevada corporation (WLI-Nevada"), and Watson Laboratories, Inc., a Delaware corporation ("WLI-Delaware"). Plaintiff asserts causes of action for (1) strict liability, manufacturing defect; (2) strict liability, design defect; (3) strict liability, failure to warn; (4) negligence; (5) misrepresentation; (6) breach of express warranty; and (7) breach of implied warranty. In particular, Plaintiff alleges that a fentanyl transdermal system patch product used

by decedent was defective and caused decedent to receive a lethal dose of fentanyl that was the cause of her death. Defendants have denied Plaintiff's allegations and deny liability on all of Plaintiff's claims.

Plaintiff and Defendants have announced to this Court that a confidential settlement has been reach between all parties ("the Settlement") and have requested this Court approve the Settlement as it relates to minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed, in accordance with the requirements of Tennessee Code §34-1-121(b). This Court has the authority and jurisdiction to evaluate and approve the settlement reached in this matter as to minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed pursuant to 28 U.S.C. §1407 and the Transfer Order issued by the Judicial Panel on Multidistrict Litigation in *In Re Watson Fentanyl Patch Products Liability Litigation*, MDL 2372 on August 7, 2012.

Having considered the pleadings of all parties, all evidence presented to this Court regarding the facts of this case and the basis for Plaintiff's claims and Defendants' defenses, and the statements, representations, and arguments of counsel for all parties, the Court makes the following findings and determinations:

1.      Pursuant to Tennessee Code §34-1-121(b) and 28 U.S.C. §1407 and the Transfer Order issued by the Judicial Panel on Multidistrict Litigation in *In Re Watson Fentanyl Patch Products Liability Litigation*, MDL 2372 on August 7, 2012, this Court has the authority to approve the Settlement in this case as it relates to the minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed. Further, under Tennessee law, this Court has the responsibility to evaluate the Settlement and the terms of the Settlement and determine whether approval is in the best interests of minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed.

2.      Plaintiff Kazim Mohammed is the father of minor beneficiaries Jasmine Mohammed and Aaron Mohammed and their legal guardian and the legal guardian of minor beneficiary Tyson Wilson. Plaintiff Kazim Mohammed is the appropriate and proper representative of minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron

Mohammed in this case, and he has authority to sue on their behalf in this case, pursuant to Tenn. R. Civ. P. 17.03.

3. Appointment of a guardian ad litem to evaluate the Settlement and the terms of the Settlement, as those relate to minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed, pursuant to Tenn. R. Civ. P. 17.03, is not necessary in this case.

4. All parties, including Plaintiff Kazim Mohammed and minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed, are represented by counsel in this matter. All parties have received counsel from their attorneys in this case, including with respect to the terms of the Settlement and the decision to enter into the Settlement to resolve all claims in this case.

5. A hearing for approval of the Settlement was held on March 28, 2013. All parties, including Plaintiff Kazim Mohammed and minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed, were provided proper and adequate notice of the hearing to approve the Settlement as to minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed, and all parties were advised and acknowledged that they had the right to personally appear at the hearing.

6. As the amounts to be paid by Defendants on behalf of minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed, pursuant to the terms of the Settlement, will be structured (as set forth below), the provisions of Tennessee Code §29-34-105 do not apply, and an in chambers hearing at which minor and legal guardian are present is not required.

7. To the extent any such requirement for personal appearance of Plaintiff Kazim Mohammed or minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed at the hearing to approve the Settlement could be argued to exist, this Court hereby finds good cause to waive any such requirements as they place an undue burden on minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed. Therefore, pursuant to the discretion provided to it by Tennessee Code §34-1-121(a), the Court hereby waives any alleged requirement for the personal appearance of Plaintiff Kazim Mohammed and/or minor

beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed at the hearing to approve the Settlement in this case.

8.      Further, Plaintiff Kazim Mohammed has specifically waived any right he may have to personally appear at the hearing to approve the Settlement, and instead, Plaintiff Kazim Mohammed has chosen to only be represented personally by and through his attorney of record, Michael Heygood.

9.      Plaintiff Kazim Mohammed and minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed were made available to appear at the hearing to approve the Settlement by teleconference, and to present testimony to the Court and to respond to inquiries from the Court regarding the terms of the Settlement and the decision to enter into the Settlement.

10.      Counsel for Plaintiff has provided the Court with the confidential terms of the Settlement *in camera* and the Court has made a full and complete review of the terms of the Settlement and considered those terms in conjunction with the evidence presented to the Court in this case.

11.      There is no objection by any party or any other person, including any beneficiary or family member of Plaintiff Kazim Mohammed or decedent Melissa Mohammed, to the Settlement or the terms of the Settlement.

12.      Counsel for Plaintiff has provided the Court with a proposal for distribution of the entirety of the funds from the Settlement *in camera*, including the distributions to minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed.  Pursuant to Plaintiff's counsel's proposed distribution, the entirety of the net proceeds from the Settlement to be paid by Defendants on behalf of minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed will be utilized by Defendants to purchase structured settlement annuities for the benefit of minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed as set forth in the Mohammed Release and Settlement Agreement.

13.     There is no objection by any party or any other person, including any beneficiary or family member of Plaintiff Kazim Mohammed or decedent Melissa Mohammed, to the proposal for distribution of the funds from the Settlement, including the proposal for the distributions to minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed.

14.      Wherefore, the Court hereby finds that the Settlement and the terms of the Settlement are in the manifest best interests of minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed, and therefore, the Court hereby approves the Settlement and the terms of the Settlement in their entirety.

15.     Furthermore, the Court hereby finds that the proposal for distribution of the proceeds of the Settlement, including the proposal for the distributions to minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed through the use of structured annuities, is in the best interests of the minor beneficiaries, and therefore the Court hereby approves the terms of the proposal for distribution submitted to the Court.

16.     Furthermore, the Court finds that the attorney's fees charged and expenses incurred by Plaintiff's counsel related to the Settlement are fair, reasonable, and approved.

17.     Pursuant to Tennessee Code §34-1-121(b), this Order approving the Settlement binds minor beneficiaries Tyson Wilson, Jasmine Mohammed, and Aaron Mohammed to the terms of the Settlement.

IT IS SO ORDERED.


Dated:  March 29, 2013

_____
Hon. U.S. District Court Judge Matthew Kennelly